Not for Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FLOORCOVERINGS INTERNATIONAL, LTD., | Civil Action No. 22-4901 |
| *Plaintiff*, | **OPINION** |
| v. | |
| CHRISTOPHER NEEDHAM, | |
| *Defendant*. | |

**John Michael Vazquez, U.S.D.J.**

Presently pending before the Court is the unopposed motion for default judgment by Plaintiff Floorcoverings International, Ltd. ("FCI" or "Plaintiff").  Plaintiff seeks a default judgment, pursuant to Federal Rule of Civil Procedure 55(b), against Defendant Christopher Needham.  D.E. 8.  The Court reviewed all submissions made in support of the motion and considered the motion without oral argument pursuant to L. Civ. R. 78.1(b).  For the reasons that follow, Plaintiff's motion is **GRANTED in part and DENIED in part**.

## I.     FACTUAL[1] AND PROCEDURAL HISTORY

In 2016, Plaintiff and Defendant entered into a franchise agreement (the "Agreement") that gave Defendant the right to operate a FCI franchise in New Jersey for a ten-year period.  Compl. ¶¶ 10-11.  Under the Agreement, Defendant was required to pay a monthly royalty fee, in an amount set by the Agreement.  *Id.* ¶ 12; *see also* Compl., Ex. A at Art. III(B)(1).  Defendant was

---

[1] The facts of this matter are derived from the Complaint, D.E. 1, as well as Plaintiff's brief, affidavit and exhibits submitted in support of the instant motion.

also required to contribute three percent of this gross sales to the FCI Brand Fund.  Compl. ¶ 13; *see also* Compl., Ex. A at Art. III(C)(1).  At some point after entering into the Agreement, Defendant stopped making the required royalty payments and Brand Fund contributions.  Compl. ¶ 17.  "Rather than cure his defaults," Defendant "ceased operating and abandoned the Franchised Business."  *Id.* ¶ 19.  As a result, FCI terminated the franchise agreement.  *Id.* ¶ 20.

Plaintiff alleges that pursuant to the Agreement, Defendant agreed to indemnify FCI and reimburse FCI for all damages arising from Defendant's operation of the franchise.  *Id.* ¶ 15; Ex. A at Art. XI.  After Plaintiff terminated the Agreement, Plaintiff alleges that it received numerous customer complaints and warranty claims arising out of Defendant's work under the Agreement. Plaintiff further alleges that it has incurred costs in responding to these complaints and expects to receive more claims.  *Id.* ¶¶ 25-26.  Plaintiff seeks to recover these costs from Defendant through the Agreement.

Plaintiff instituted this action on August 4, 2022.  D.E. 1.  Plaintiff asserts a single claim for breach of contract because of Defendant's unpaid royalty and Brand Fund contributions, and because Defendant failed to operate the franchise for the full term.  Compl. ¶¶ 30-32.  On September 8, 2022, Plaintiff requested that default be entered against Defendant for his failure to answer or otherwise respond to the Complaint.  D.E. 6.  The Clerk of the Court subsequently entered default, and Plaintiff filed the instant motion for default judgment.  D.E. 8.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 allows for the entry of default against a party that fails to plead or otherwise defend against claims.  Fed. R. Civ. P. 55.  "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, . . . and [has] repeatedly state[d] [its] preference that cases be

disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984)).

In entering a default judgment due to a defendant's failure to answer, a court must determine whether (1) it has personal and subject matter jurisdiction; (2) the defendants were properly served; (3) the complaint sufficiently pleads a cause of action; and (4) the plaintiff has proven damages. *Days Inns Worldwide, Inc. v. Jinisha Inc.*, No. 14-6794, 2015 WL 4508413, at *1 (D.N.J. July 24, 2015). Additionally, a court must determine the appropriateness of default judgment by weighing (1) the prejudice suffered by the party seeking default judgment; (2) whether the party subject to the default has a meritorious defense; and (3) the culpability of the party subject to default. *Id.* at *2.

### III.  ANALYSIS

#### 1.  Jurisdiction

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015) (quoting *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 08–3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008)). The Court has subject matter jurisdiction over this matter. Diversity jurisdiction exists when "the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. 1332(a). Plaintiff is a Georgia corporation with its principal place of business located in Georgia, and Defendant is a New Jersey domiciliary. Compl. ¶¶ 1-2. In addition, Plaintiff alleges that its damages exceed $219,000. *Id.* ¶ 27. Therefore, the parties are diverse and the amount in controversy is greater than $75,000.

The Court also has personal jurisdiction over Defendant.  "[A]n individual's domicile, or home, constitutes the paradigmatic forum for the exercise of general jurisdiction."  *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 684 (D.N.J. 2015) (internal quotation marks omitted).  As discussed, Plaintiff alleges that Needham is a resident of New Jersey.  Compl. ¶ 2.  Therefore, New Jersey is Needham's "home," and this Court can exercise general jurisdiction over Defendant.  In addition, Plaintiff served Defendant by leaving a copy of the summons with Plaintiff's wife, at Plaintiff's home.  D.E. 5.  This constitutes sufficient service.  *See* Fed. R. Civ. P. 4(e)(2)(B).  As a result, Defendant was properly served with the summons and complaint such that this Court has personal jurisdiction over Defendant.

### 2.  Sufficiency of Plaintiff's Cause of Action and Proof of Damages

Next, the Court must determine whether the Complaint states a proper cause of action.  The Court must accept all well-pleaded factual allegations in the pleadings as true, except as to damages.  *Chanel, Inc.*, 558 F. Supp. 2d at 535-36.  Again, FCI asserts a single breach of contract claim against Needham.  Compl. ¶¶ 29-33.  To plead a breach of contract claim under New Jersey law, a plaintiff must allege that (1) "that 'the parties entered into a contract containing certain terms'"; (2) "that 'plaintiffs did what the contract required them to do'"; (3) "that 'defendants did not do what the contract required them to do'"; and (4) "that 'defendants' breach, or failure to do what the contract required, caused a loss to the plaintiffs.'"  *Goldfarb v. Solimine*, 245 A.3d 570, 577 (N.J. 2021) (quoting *Globe Motor Co. v. Igdalev*, 139 A.3d 57, 64 (N.J. 2016)).  FCI alleges that it entered into the Agreement with Needham, Compl. ¶ 10, and that it performed under the Agreement, *id.* ¶ 29.  FCI further alleges that Needham breached the Agreement because he is no longer operating the franchised business, failed to make the continuing royalty payments and Brand Fund contributions, and has not indemnified FCI for its costs related to customer issues and

warranty claims from Defendant's work under the Agreement.  *Id.* ¶¶ 17-19, 25-26.  Plaintiff continues that it was damaged by Defendant's breach.  *Id.* ¶¶ 24, 26.  Thus, Plaintiff sufficiently alleges that Needham breached the Agreement.

Plaintiff maintains that it should be awarded a total judgment of $222,185.  This amount includes $187,254.96 in principal damages; $28,088.20 in interest; and $6,841.84 in attorneys' fees and costs.  Plf. Br. at 11.  When Needham abandoned the franchise, he owed $13,264.54 for unpaid continuing royalties and Brand Fund contributions.  *See* Pace Cert. ¶ 16.  Plaintiff is entitled to these unpaid amounts.

Plaintiff also seeks $169,186, which is the amount that Needham would have paid for continuing royalties had he operated the franchise for the remainder of ten-year contractual period. *Id.* ¶ 20.  Plaintiff argues that courts "routinely award lost future royalties in the event of an early termination or abandonment."  Plf. Br. at 10.  But New Jersey law imposes a general duty on plaintiffs to mitigate their damages.  *See Natreao, Inc. v. Ixoreal Biomed, Inc.*, No. 16-4735, 2017 WL 3131975, at *7 (D.N.J. July 21, 2017) (internal quotation omitted).  Needham operated the franchise for about five years of the ten-year period; fifty-eight months remained when he abandoned the business.  Pace Cert. ¶ 19.  Plaintiff, however, provides no information as to what steps, if any, it took to try and find a replacement franchise for the area or if it was otherwise able to compensate for this loss of business.  Thus, Plaintiff fails to establish that it attempted to mitigate its damages from Needham's breach.  Consequently, the Court will not award Plaintiff its future royalties under the Agreement.

Next, Plaintiff argues it is entitled to recover $4,824.42, which are expenses Plaintiff incurred in resolving warranty claims from Needham's customers.  *Id.* ¶ 24.  Needham is required

to indemnify and reimburse FCI for damages arising from Needham's operation of the business. Compl., Ex. A at Art. XI.  Thus, Plaintiff is entitled to these damages.

The Agreement also provides that Plaintiff is entitled to interest on past due amounts, at the rate of 1.5% per month, and attorneys' fees and costs incurred in pursuing any litigation to enforce monetary obligations under the Agreement.  Pace Cert. at ¶¶ 10, 13.  Accordingly, Plaintiff is contractually entitled to recover interest and attorneys' fees.  However, FCI's requested amount of interest assumes that FCI will receive future royalty payments as damages.  As discussed, the Court will not award such damages because Plaintiff fails to establish that it mitigated its damages. But because Plaintiff is contractually required to prejudgment interest, the Court will provide Plaintiff an opportunity to recalculate its interest based on the amount of actual damages awarded.

As for Plaintiff's fee request, it "must be accompanied by fairly definite information as to hours devoted to various general activities, e.g., partial discovery, settlement negotiations, and the hours spent by various classes of attorneys."  *Int'l Union of Painters v. Andrews Window Servs. LLC*, No. 15-3583, 2016 WL 3234516, at *4 (D.N.J. June 7, 2016) (quoting *United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 291 (3d Cir. 2007)).  Plaintiff provides documentary support for its requested attorneys' fees and costs, and the request is reasonable.  *See* Dunn Cert. ¶ 4.  As a result, the Court will award Plaintiff with its requested attorneys' fees and costs.

In sum, Plaintiff is presently entitled to recover $18,088.96 in actual damages and $6,841.84 in attorneys' fees and costs.[2]  Plaintiff may submit supplemental documentation to support its request for prejudgment interest.

---

[2] The amount in controversy is assessed when a complaint is filed and "the subsequent dismissal or defeat of a plaintiff's claims does not retroactively divest the court of jurisdiction."  *In re Paulsboro Derailment Cases*, 704 F. App'x 78, 84 (3d Cir. 2017).

### 3.   Default Judgment Factors

Before entering default judgment, district courts must make explicit factual findings as to (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default. *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Here, all three factors weigh in favor of entering default judgment. First, because Defendant has not responded in this matter, "Defendant has put forth no evidence or facts containing any information that could provide the basis for a meritorious defense." *HICA Educ. Loan Corp.*, 2015 WL 273656, at *3. Additionally, there is nothing on the face of the Complaint indicating that a meritorious defense is available. Next, without a default judgment, Plaintiff has no other means to seek relief for the harm allegedly caused by Defendant. As a result, Plaintiff will be prejudiced if default judgment is not entered. *See Int'l Union of Painters*, 2016 WL 3234516, at *3. Finally, Defendant's failure to answer, without providing any reasonable explanation, permits the Court to draw an inference of culpability on its part. *Id.* As a result, the Court finds that default judgment is warranted.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment (D.E. 8) is granted in part and denied in part. An appropriate Order accompanies this Opinion.

Dated: November 14, 2022

_____
John Michael Vazquez, U.S.D.J.